CHANCERY.

## Bardstown and Green River Turnpike Road Company *vs* Caldwell.

*Case 11.*

APPEAL FROM THE NELSON CIRCUIT.

*Equity jurisdiction. Corporations.*

*December 11.*

JUDGE BRECK delivered the opinion of the Court.

CALDWELL filed his bill to enforce the collection of a judgment at law against the President and Managers of the Bardstown and Green River Turnpike Company, and for that purpose attached debts alledged to be due the Company from several persons. The Court below decreed the relief sought in part, and the defendants have appealed to this Court.

The first question presented for consideration, and the only one which we deem necessary to notice, is whether the Court below had jurisdiction.

The complainant based his right to come into a Court of Equity for relief, upon this allegation: That it had been decided by this Court that a debt could not be coerced out of the defendants by law in the usual and ordinary mode of collecting debts, and a *fieri facias* having been returned against the defendants, *no property found*, in the name of Applegate against said Company.

The fact that executions in the

When the execution in the name of Applegate had been returned, is not alledged, but it appears from the

execution, exhibited in the record, that it had been near-
ly two years before complainant exhibited his bill. But
the return upon that execution, no matter when made,
was insufficient to give a Court of equity jurisdiction
in this case. The return must be made upon an execu-
tion upon the judgment sought to be enforced. It is
upon that ground alone, that the statute gives jurisdic-
tion to a Court of Chancery: *Wooley* vs *Stone*, (7 *J. J.
Marshall*, 302.) But had the Court jurisdiction upon the
other ground, that debts against Turnpike Companies
cannot be enforced at law? We are aware of no such
decision by this Court as the complainant supposes and
assumes. In the case of the *Winchester and Lexington
Turnpike Company* vs *Vimont*, (5 *B. Monroe*, 1,) no
question came up as to the jurisdiction of the Court,
and in that case, although the fact does not appear in
the opinion, the complainant exhibited his bill for a set-
tlement of his accounts with the company, and to en-
force a lien which the company had given him. The
main question was, as to the mode of granting relief.
The Court decide that it was erroneous to decree a sale
of the road, but that the complainant was entitled to
the profits until his demand was satisfied. In this case
the complainant does not even alledge that the defend-
ants had no property subject to execution for the satis-
faction of his judgment. It is true the property of such
a corporation consists mainly in *the road*, which might
not be subject to sale under execution. But it by no
means follows that other property might not belong to
the company, which would be. That fact should be
made to appear in the way required by the statute, the
return of an execution upon a judgment at law *nulla
bona*, before the party can resort to a Court of Equity.
We are not prepared to admit that a creditor upon
the general principles of equity, has a right to proceed
by attachment or otherwise, to have his debt against a
corporation of any kind enforced in a Court of equity.
The mere fact that the debtor is a corporation, will not
give the Chancellor jurisdiction. And he can only ac-
quire it against a corporation in the same way, or upon
the same state of case, which would entitle him to ju-

BARDSTOWN AND
GREEN RIVER T.
R. COMPANY.
*vs*
CALDWELL.

name of other
persons than the
complainant in
the bill filed were
returned "no
property," will
not authorize
him to call upon
the Chancellor
to attach effects
and debts in the
hands of third
persons to satis-
fy complainant's
debt; (7 *J. J.
Marshall*, 302.)

Suits at law may
be maintained
against Turnpike
Road Companies
as well as indi-
viduals.

risdiction against any other debtor. The complainant should have exhausted his remedy at law, and having failed to do so, and alledging or showing no other ground, which gave the Court jurisdiction, his bill should have been dismissed without prejudice.

Wherefore, the decree is reversed, and the cause remanded, that a decree may be rendered as indicated.

*Grigsby* for appellants; *C. A. Wickliffe* for appellee.

Justices of the Peace have jurisdiction of cases for breach of contract, where the damages are laid at fifty dollars or under; (3 J. J. Mar. 587; 4 Ib. 171; 4 B. Monroe, 398 )